My name is Peter Wolfe. I represent Mr. Kontsagh. What we have in this case is an as-applied challenge to the constitutionality of regulating under the Commerce Clause the mere possession of a firearm by a convicted felon. And I think it's important to note, and in fact this Court has noted, that in the field of criminal law enforcement where the state power is preeminent, national authority needs to be limited to those areas in which interstate commerce is truly affected by the prohibited activity. And so we have... Counsel, we seem to have a fair weight of authority that doesn't support your position. That's right. And if we look at the history of that authority, the real problem arises with the Hanna case. So as you answer, are you suggesting that the authorities against you and somehow this panel should, what, overrule it? What I'm suggesting, Your Honor, is that... Well, you can just say yes or no on that. Yes, you want us, you're going to make an argument to us that should persuade us as a three-judge panel that there's been an intervening change in the law or there's something that gives us authority as a three-judge panel to overrule existing authority. It doesn't require overruling existing authority. It requires one of two things, actually, that gives the Court the authority. One is that as-applied challenges have to be decided on a case-by-case basis. This Court has said that. The other thing is that there has been a shift in authority since this Court began the analysis that perpetuates what I would view as the continuing error in analyzing this. And that's the... And that started with the Hanna case because Hanna was decided post-Lopez, a couple months after Lopez, and the only discussion of Lopez in Hanna was it's mentioned in a footnote that it does not alter our analysis, meaning the Ninth Circuit's analysis. And yet the question that that suggests is, well, why not? Because... And somebody should have argued that post-Hanna. Well, I think they've tried, but it reminds me of... And Davis. What about Davis and Rousseau? And exactly so. It will all come in sequence. And it's all come from Hanna and from the misreading of Scarborough as being a constitutional decision, when in fact it's a decision interpreting the meaning of the statute as intended by Congress. Not that I don't respect your argument, but as you know, as a three-judge panel, we can't just go back and re-argue our existing precedent. If we're to do something that grants you relief, then it has to be something that's within our jurisdictional power to do. Right. So what is within our jurisdictional power to do for your client in this case? What's within your jurisdictional power to do is to acknowledge that the reasoning of Hanna and the cases that flow after it has been undermined by the subsequent precedents of Morrison and Rake. Even though Davis and Rousseau post-date those very cases. Well, I think the Rake case makes clear in resolving the question of how you deal with the third category of Lopez analysis, that there's a distinction between a closed regulatory scheme and one that isn't. And so I think you could take this court's precedent in McCoy, which dealt with pornography, and you could take what happened post-Rake in terms of cert grants and vacations of decisions, and you could say, look, in the child pornography area, the Supreme Court has an open question. That's why they granted cert and vacated these various judgments around the nation about whether the child pornography regulation is a closed regulatory scheme. And it appears to me that it is. And the reason for this is because there isn't any kind of child pornography that you can legally possess. In terms of the machine gun case, that was this court's case, the homemade machine gun, the court vacated the judgment there granting cert and remanded for further consideration, although the panel hasn't yet issued its opinion. And I think you could take the view that with respect to machine guns, you have a closed regulatory scheme. But with respect to firearms in general, that's not true. The scheme that the statute 922G or even the entire chapter deals with does not purport to, in a closed regulatory scheme, regulate every aspect of the manufacture, distribution, or possession of a firearm. And so when you come down to a case like we have here, factually, you have a possession that there's no suggestion, has anything to do with interstate commerce. There's no – Wait. Yes. Didn't he acknowledge, did your client not acknowledge that the gun had traveled in foreign – He did acknowledge that. So you say there's no history. No history in his actual – Exactly. And what the statute regulates is not firearms. The statute regulates, at least as applied in this case, the act of possession. Okay. And so I think that the proper focus is on – So just so I understand, what we would have to do, which cases would we have to qualify or read around or overrule in order to say that on the facts of this case where the gun has admittedly traveled before your client acquired it in foreign and interstate commerce, what cases would we have to distinguish or overrule? The cases that you cited, Hanna, Rousseau, and so forth. And then the reason is that Raich now adds a layer on top of Lopez and Morrissey. Exactly. And I think one could say – and this reminds me of what happened post-Apprendi. Post-Apprendi, there was 13 circuit courts that agreed that Apprendi has nothing to do and no impact on the federal sentencing guidelines. But the true answer – At least until the Supreme Court tells us otherwise. Well, that's right. They did eventually, but it took a long time and how many thousands of cases were processed. Please acknowledge that the Supreme Court has also admonished us not to decide what the Supreme Court doctrine is unless they themselves have made it clear. Right. So we're in that awkward position of trying to tell whether or not we've been given leeway or we're under short leash until they tell us otherwise. Well, I think that's right. But on the other hand, I think that part of the problem with the analysis has been both the government's insistence and, in fact, I think to a certain extent, this Court's view, mistaken in my view, that the Scarborough case decided in 1977 was a constitutional decision. And I think it's just plain that what might have been the proper approach in Scarborough to determine what does this statute mean took place within a framework where the Interstate Commerce Clause analysis that was extant in 1977 is different than the Commerce Clause analysis that now exists. I think we have to frankly acknowledge that that is so. And, therefore, I think that the situation has changed. And then when we have the rate case, we see that perhaps the distinguishing factor is the existence or not of a closed regulatory scheme. And I think here it's clear that the firearm statute that we're dealing with does not involve a closed regulatory scheme. And I think that makes a sufficient difference to make it actually a distinction that this Court could rely upon to grant relief. If it's possible, I would like to reserve the rest of my time for it. You may. You may. Appreciate it. Good morning. May it please the Court. I'm Larry Tong, Assistant United States Attorney from Hawaii. I would respectfully suggest that my friend, Mr. Wolk, is in fact asking this Court to do what it should not do, a three-panel overrule other decisions of other panels of this Court. I don't believe there's a way to reconcile the existing precedent with the position that he is advocating without flatly overruling it. He characterizes his challenge as one being to the statute's constitutionality as applied. And granted, that is done on a factual basis, case by case. But that very challenge has been rejected at least twice by this Court, both in the Hanna case and also in the case of United States v. Jones, a case in 2000, which postdates Jones, Morrison, and Lopez. I would note also that as set forth in the government's brief as recently as the Dorsey case, another panel of this Court also reaffirmed the validity of the prior cases finding that 922G was constitutionally valid because it does require a commerce nexus, namely that a weapon at some point pass in interstate commerce. So I would respectfully suggest that the cases, as the Court has pointed out, are very firm and clear in their decisions. And while his argument might have some appeal, it probably should have been made after Hanna, but that it's unavailing at this point in time. Just to be precise, I think the statute covers firearms, not weapons. You're absolutely correct, Your Honor. If the Court has no other questions or clarifications, I would submit on our brief. Okay. Thank you. I think if we talk about Dorsey or talk about what we're talking about, which is the third category of regulation that's permissible under the Commerce Clause according to the Lopez-Morrison framework, the thing that Mr. Tong focused on is whether the statute contains any express jurisdictional element. But there's another part of whether it contains an express jurisdictional element, and that is whether it contains an express jurisdictional element that limits its reach to a discrete set of cases that substantially affect interstate commerce. And as we see in the way the statute was applied here, the express jurisdictional element does not limit the reach to a discrete set of cases that substantially affect interstate commerce. In fact, the jurisdictional element doesn't limit the reach of the statute at all, and this case proves the point, because here the conduct that is prohibited is the mere possession by a person who fits into a certain status, in this case, Mr. Constant's case, that of having a prior felony. There's no suggestion that his possession or anything was economic activity. There's no suggestion that they were regulating the channels of commerce or anything like that. And so we have some cases, and this is one where I think the scheme that's envisioned by the Constitution confides to the states certain law enforcement prerogatives. And, in fact, it's the states which are supposed to be preeminent in the exercise of the police power, not the federal government. And yet this statute and the way it's applied here and in other cases really turns that whole scheme on its head so that the federal government becomes preeminent in regulating the possession of firearms by felons or illegal aliens or others, substance abusers. And the scheme of the Constitution that the federal government is a government of limited powers turns out to be a scheme where the federal government in this case has essentially unlimited powers. That can't be the proper result. Well, and things changed between the last 25 years. Thank you. All right. Well, thank you. We appreciate the arguments. The case argued is submitted. Thank you.
judges: B. Fletcher, Beezer, Fisher